**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Louise Gilbert,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>　　　　　Defendant. | No. CV-15-02130-PHX-DLR<br><br>**ORDER** |

Plaintiff Sharon Gilbert seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. For the reasons stated below, this matter is remanded for further proceedings.

**I.  Background**

　　**A. Factual Background**

Gilbert is 67 years old and has a high school education. (Doc. 14 at 2.) She previously worked as an insurance clerk, fund trader, loan officer, and billings collection representative. (*Id.*) In 1991, Gilbert was diagnosed with multiple sclerosis ("MS"). (*Id.* at 4.) She quit working in 2011.

　　**B. Procedural History**

On March 6, 2012, Gilbert applied for disability insurance benefits, alleging disability beginning December 8, 2011. (A.R. 17.) On July 22, 2014, she appeared with

her attorney and testified at a hearing before the ALJ. A vocational expert also testified.

On October 1, 2014, the ALJ issued a decision that Gilbert was not disabled within the meaning of the Social Security Act. The Appeals Counsel denied Gilbert's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On October 22, 2015, Gilbert sought review by this Court.

## II. Legal Standard

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III. Five-Step Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step

three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Gilbert meets the insured status requirements of the Social Security Act through December 31, 2014, and that she has not engaged in substantial gainful activity since December 8, 2011. (A.R. 19.) At step two, the ALJ found that Gilbert has the following severe impairments: MS and obesity. (*Id.*) At step three, the ALJ determined that Gilbert does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 30.)

At step four, the ALJ found that Gilbert has the RFC to perform:

> less than the full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift/carry 10 pounds occasionally and less than 10 pounds frequently. She can stand 2 hours in an 8-hour workday. She can walk 2 hours in an 8-hour workday. She can sit 6 hours in an 8-hour workday. The claimant can push/pull as much as she can lift/carry. The claimant can engage in handling, fingering and feeling with the left and right extremities frequently. The claimant can occasionally kneel, crouch, crawl, and climb ramps/stairs. She can never climb ladders and scaffolds. The claimant can only occasionally be exposed to unprotected heights, moving mechanical parts, extreme cold and extreme heat.

(*Id.* at 21.) Accordingly, given her RFC, the ALJ concluded that Gilbert is capable of performing her past relevant work as a patient insurance clerk, fund trader, and loan officer. (*Id.* at 24.)

## IV. Analysis

Gilbert argues the ALJ's decision is unsupported by substantial evidence because (1) the ALJ improperly discounted the medical opinion of Dr. David Marzulo, and (2) the ALJ improperly discounted Gilbert's credibility regarding the severity of her symptoms. (Doc. 14 at 12, 16.)  The Court will address each in turn.

### A. The ALJ Erred in Evaluating the Medical Source Evidence

The ALJ is responsible for resolving conflicts in medical testimony. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* Likewise, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Id.* at 830.  As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31.

Dr. David Marzulo, an examining neurologist, submitted two medical source statements in support of Gilbert's claim.  The first, dated June 19, 2013, stated that Gilbert could sit for two hours in an eight-hour workday, stand or walk for one hour, and lift ten pounds occasionally. (A.R. 260.)  Marzulo noted that Gilbert can occasionally use her right hand for grasping, pushing/pulling of controls, and fine manipulation. (*Id.* at 262.)  In addition, she could not use her right foot for repetitive movements. (*Id.*)  Last, he noted that Gilbert suffered from moderate fatigue, which would result in being 10% off task during the workday. (*Id.* at 264.)

The second statement, dated July 9, 2014, stated that Gilbert would be off task two hours during the workday due to her fatigue. (*Id.* at 267.)  Dr. Marzulo further opined

that Gilbert could sit for two hours per workday, stand/walk for only fifteen minutes at a time, occasionally lift/carry up to twenty pounds, grasp with both hands frequently, occasionally push/pull controls with both hands, and occasionally engage in fine manipulation with both hands. (*Id.* at 267, 269.) In addition, Gilbert could not use her feet for repetitive movements and suffered severe postural limitations. (*Id.* at 269.) Last, Dr. Marzulo noted that Gilbert suffered from moderate fatigue. (*Id.* at 270.)

Dr. Marzulo's opinion was contradicted by the opinions of consultative examiners Dr. Palmer, (*Id.* at 210-15), and Dr. Levison, (*Id.* at 217-22), and non-examining state agency reviewing physicians Dr. Mikhail Bargan, (*Id.* at 69-71), and Dr. Martha Goodrich, (*Id.* at 78-79). These physicians assessed lesser limitations than Dr. Marzulo. Therefore, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence discounting Dr. Marzulo's opinion.[1]

The ALJ discounted Dr. Marzulo's opinion because it was unsupported by the medical evidence in the record. (*Id.* at 23.) She stated:

> The objective evidence does not demonstrate gross pathological findings to support the marked limitations found by Dr. Marzulo. Specifically, as described above, the claimant's musculoskeletal conditions and carpal tunnel syndrome are non-severe. Although the claimant may have elevated blood pressure and fatigue, these conditions do not account for the severe and marked limitations given by Dr. Marzulo.

(*Id.*)

The Court finds that the ALJ provides no basis for determining that fatigue does not account for the severe limitations assessed by Dr. Marzulo. The ALJ cites to no evidence in support of this statement, and thus there is no basis to find that Dr. Marzulo's findings regarding Gilbert's fatigue are inconsistent with the record. It appears that the ALJ focuses on Dr. Marzulo's findings regarding Gilbert's physical limitations, specifically, use of her hands and legs. But Gilbert claims fatigue is her primary

---

[1] Gilbert argues the clear and convincing standard applies because the ALJ did not assess full weight to the conflicting opinions. But Gilbert cites no authority for her position, nor does she dispute that those medical source statements conflict with Dr. Marzulo's assessment.

- 5 -

disabling symptom, and the ALJ treats it as an afterthought in her analysis. The ALJ does not address Dr. Marzulo's conclusion that Gilbert would be off task for two hours per day because of fatigue. Because this limitation is not accounted for in the RFC, the ALJ must have discounted this portion of Dr. Marzulo's opinion. The ALJ did not address this evidence, and therefore the Court cannot conclude that the ALJ provided specific and legitimate reasons for discounting Dr. Marzulo's opinion.[2]

### B. The ALJ Erred in Evaluating Gilbert's Credibility

In evaluating credibility, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

At the hearing, Gilbert testified that she left her last job at an insurance company because it "was just exhausting." (A.R. 36.) She stated that she could not remember all of the different insurance plans, and thus she "couldn't do it anymore." (*Id.* at 36-37.) Gilbert stated that she is "pretty much non-functional physically" and mentally. (*Id.* at 40.) She remarked that she once was able to read and analyze large annual reports, but she now has difficulty balancing her checkbook. (*Id.*) She stated that her legs and hands "don't work as well as they used to." (*Id.*) Specifically, Gilbert has trouble writing

---

[2] Gilbert argues the ALJ substituted her own opinion in formulating the RFC and that she was required to substantially rely on at least one medical source opinion as a basis for the RFC. But the ALJ is ultimately responsible for formulating the RFC, and she need not rely on discounted medical source evidence or testimony. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). In addition, "there is no requirement in the regulations for a direct correspondence between and RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Gilbert's arguments are unpersuasive.

because her hands "cramp up." (*Id.* at 40-41.) Gilbert asserts this is due to her MS and carpal tunnel syndrome. (*Id.* at 41.) She has trouble staying focused for more than a couple hours at a time. (*Id.*) She claims her exhaustion is "horrific" and that she naps for an hour or two a day. (*Id.* at 42.) Gilbert also has trouble sleeping. (*Id.*)

Gilbert stated that she previously took betaseron for her MS, which she had to inject "every other day in the stomach." (*Id.* at 43.) However, she stopped using it because she "constantly looked like a truck had run over [her]." (*Id.*) She noted that this caused her to hesitate when her doctor recommended another prescription to treat her MS. (*Id.*) Gilbert stated that her doctor is investigating the new medication, but that she has not taken it yet. (*Id.*)

When questioned by her attorney, Gilbert stated that she takes lots of naps, has to lie down constantly, has trouble buttoning clothes, drops things frequently, and does not have control of her legs. (*Id.* at 44-45.) She also has balance issues and can only stand for ten to fifteen minutes. (*Id.* at 45-46.) Gilbert has trouble concentrating, as well as short-term memory loss. (*Id.* at 47.) She denied having pain in her arms and legs, and instead attributed her difficulties to fatigue. (*Id.* at 46.) Citing her fatigue and "loss of mental acuity," she testified that she could not work a full-time job. (*Id.* at 50.)

The ALJ concluded that Gilbert was not fully credible for four reasons: (1) inconsistency with the medical evidence, (2) inconsistency with activities of daily living, (3) failure to seek medical treatment, and (4) inconsistency with Gilbert's reports that she quit work when asked to work overtime. (*Id.* at 24.) But, as noted above, Gilbert asserts her "primary disabling symptom [is] severe fatigue." (Doc. 14 at 17.) Here, it appears the ALJ focused on discrediting Gilbert's pain testimony and failed to address fatigue. (*See* A.R. 24 ("As indicated above, the objective evidence does not supports the claimant's allegations of severity of pain.").)

The ALJ noted that she "incorporated the claimant's subjective complaints [regarding fatigue] into the [RFC]." (*Id.* at 23.) But had she fully incorporated them, the RFC would have included a limitation that Gilbert required napping one to two hours per

- 7 -

1 workday, or in other words, that she was unable to complete an eight-hour workday. This would preclude any work. Therefore, even if the ALJ did incorporate some of Gilbert's complaints regarding her fatigue, the RFC indicates she did not fully credit Gilbert's testimony.

In evaluating a claimant's credibility, the ALJ must "link that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Here, the ALJ failed to summarize Gilbert's testimony regarding the severity of her fatigue and identify which statements she concludes are credible and those that she finds incredible, thus precluding meaningful review by the Court. *Id.* Instead, it appears she focused on Gilbert's pain testimony. This was error, and the ALJ is directed to reevaluate the credibility of Gilbert's testimony regarding her fatigue and adjust the RFC accordingly.

## **CONCLUSION**

In conclusion, the Court finds that the ALJ erred in weighing the medical opinion evidence concerning the limiting effects of Gilbert's fatigue and in discrediting her symptom testimony regarding the same. Therefore, the Court must determine whether to remand for further proceedings or for an award benefits.

The credit-as-true rule requires an award of benefits if (1) the record has been fully developed, (2) the ALJ failed to provide legally sufficient reasons for rejecting evidence, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ erred, "the district court must consider whether there are 'inconsistencies between [the claimant's] testimony and the medical evidence in the record.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

Here, the ALJ misinterpreted Gilbert's disabling symptom as pain, and thus did

not evaluate the credibility of Gilbert's testimony regarding fatigue. Further administrative proceedings are necessary to determine the veracity of this testimony. In addition, the Court concludes that Dr. Marzulo's opinion may not support a finding of disability. The most recent assessment indicates that Gilbert's fatigue moderately impairs her ability to respond appropriately to work pressures in a usual work setting. (A.R. 267.) It further states that Gilbert is moderately distracted from tasks by malaise or muscle pain. (*Id.*)[3] "Moderately" is defined as 10-14% off task. (*Id.*) Nonetheless, Dr. Marzulo indicated that Gilbert would be off task due to fatigue for two hours in an eight-hour workday, or 25% of the time. (*Id.*) On its face, this assessment appears inconsistent as two hours off task would warrant "extreme" limitations resulting from fatigue. (*Id.*) Given this ambiguity in the medical evidence and the fact that the ALJ did not evaluate the veracity of Gilbert's statements regarding fatigue, the Court finds remand with an award of benefits is not appropriate. *See Dominguez*, 808 F.3d at 407 (noting that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). Therefore, the Court remands this case for further proceedings. On remand, the ALJ shall reassess and resolve the conflicting medical opinion evidence, assess the credibility of Gilbert's symptom testimony, and if necessary, adjust the RFC accordingly.

//
//
//
//
//
//
//
//

---

[3] Dr. Marzulo indicates that Gilbert's fatigue only "slightly" affects her ability to understand and remember simple instructions, carry out simple instructions, and understand and remember detailed instructions. (A.R. 267.)

1  **IT IS ORDERED** that the final decision of the Commissioner of Social Security
2 is **REMANDED** for further proceedings consistent with this order.  The Clerk shall enter
3 judgment accordingly and terminate this case.
4  Dated this 31st day of May, 2016.

_____
Douglas L. Rayes
United States District Judge